# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TOMMY JOE McGOOGAN                                                           PLAINTIFF
ADC #147267

VS.                                    1:17-CV-00026-BRW

ALLEN COCKRAN, *et al*.                                                      DEFENDANTS

## ORDER

Plaintiff, an inmate at the Grimes Unit of the Arkansas Department of Correction, filed a *pro se* complaint and amended complaint under 42 U.S.C. § 1983.[1]  After screening Plaintiff's allegations, I find this case should be dismissed for failure to state a claim on which relief may be granted.

## I.   SCREENING

The Prison Litigation Reform Act requires me to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.[2]  I must liberally construe a *pro se* complaint[3] and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.[4]  I must dismiss a complaint or portion of a complaint that raises claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.[5]

---

[1] Doc. Nos. 2, 4.

[2] 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[5] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

1

An action is frivolous if "it lacks an arguable basis either in law or fact."[6] Regardless of whether a plaintiff is appearing *pro se*, the complaint must allege specific facts sufficient to state a claim.[7] A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[8] A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[9] The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."[10]

## II. FACTS AND ANALYSIS

Plaintiff alleges that he videotaped officers of the Batesville Police Department stealing drugs out of evidence, was arrested, and his car seized and impounded.[11] Plaintiff "hop[es] to receive his only vehicle," release from the Arkansas Department of Correction, and damages for mental cruelty and duress.[12]

---

[6]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7]*See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[8]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]*Id*.

[11]Doc. Nos. 2, 4.

[12]*Id*.

Plaintiff failed to state a claim on which relief can be granted. To the extent he challenges his confinement, he must do so in a *habeas corpus* petition, not a § 1983 suit.[13] To the extent he seeks damages, his claims are *Heck*-barred.[14]

Plaintiff listed Police Chief Allen Cockran, Lieutenant Scarbough, Narcotics Officer James Woods, Mayor Rick Ellumbaugh, and K-9 Officer Doe as defendants in their official and personal capacities.[15] Official-capacity claims against a governmental employee are "treated as a suit against the municipality he serves."[16] A municipality cannot be held vicariously liable under 42 U.S.C. § 1983 for the unconstitutional acts of its employees; municipal liability applies only when a municipal policy or custom is the moving force behind a constitutional violation.[17] Plaintiff made no policy or custom claims.[18]

Further, despite being asked to file an amended complaint "setting out in detail the who, what, when, where of each of his claims,"[19] Plaintiff's allegations remain vague.[20] Bare assertions without any factual explanation or support are insufficient to plead a § 1983 claim; a plaintiff must set forth sufficient factual matter, accepted as true, to state a claim for relief that is

---

[13] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[14] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[15] Doc. No. 2.

[16] *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005).

[17] *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

[18] Doc. Nos. 2, 4.

[19] Doc. No. 3.

[20] Doc. Nos. 2, 4. Plaintiff was directed to file an amended complaint setting out the who, what, when, and where of each of his claims, as well as the reason(s) he was arrested, the charges against him, and the status of the ongoing criminal proceedings resulting from those charges. Doc. No. 3. Plaintiff did not provide the requested information. Doc. No. 4.

plausible on its face.[21] Plaintiff's allegations focus on the alleged theft of drugs out of evidence by Batesville police officers rather than what each Defendant did and how each Defendant's actions purportedly harmed him. Plaintiff provided insufficient factual allegations to state a personal-capacity claim against any Defendant.

For each of the reasons set out above, Plaintiff failed to state a claim on which relief can be granted and his case must be dismissed.

## CONCLUSION

Because Plaintiff failed to state a claim on which relief can be granted this case is DISMISSED without prejudice. I certify that an in forma pauperis appeal of this dismissal would be frivolous and would not be taken in good faith. Additionally, this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 25th day of September, 2017.

/s/ Billy Roy Wilson _____
UNITED STATES DISTRICT JUDGE

---

[21]*Iqbal*, 556 U.S. at 678.

4